IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY RAY IRICK | ) | |
| | ) | |
| v. | ) | No. 3:10-1004 |
| | ) | JUDGE CAMPBELL |
| GAYLE RAY, et al. | ) | DEATH PENALTY |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Dismiss On Behalf Of Gayle Ray, Ricky Bell, and Reuben Hodge (Docket No. 9). The Plaintiff has filed a Response (Docket No. 12) to the Motion. As of the date of this Order, the Defendants had not filed a Reply. For the reasons set forth herein, the Motion To Dismiss is GRANTED.

II. Factual and Procedural Background

Plaintiff, who is scheduled to be executed on December 7, 2010, has filed a Complaint under 42 U.S.C. Section 1983 alleging that Tennessee's lethal injection method of execution violates his right to be free from cruel and unusual punishment guaranteed by the Eighth and Fourteenth Amendments to the Constitution; and that the setting of the execution date violates his constitutional rights to equal protection and due process. (Complaint (Docket No. 1)). Plaintiff also requests a declaratory judgment that the lethal injection protocol used by the Defendants violates the Federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq., and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, et seq. (Id.)

III. <u>Analysis</u>

A. <u>The Standards for Considering a Motion to Dismiss</u>

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take "all well-pleaded material allegations of the pleadings" as true. <u>Fritz v. Charter Township of Comstock</u>, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009)). "'A legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." <u>Id.</u> (quoting <u>Hensley Mfg. v. ProPride, Inc.</u>, 579 F.3d 603, 609 (6th Cir. 2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

B. <u>Section 1983 Claims</u>

The Defendants argue that the Plaintiff's Eighth Amendment claims are subject to dismissal because they are barred by the applicable statute of limitations, primarily relying on the Sixth Circuit's decision in <u>Cooey v. Strickland (Cooey II)</u>, 479 F.3d 412, 421-22 (6th Cir.), *reh'g denied en banc*, 489 F.3d 775 (6th Cir. 2007). In <u>Cooey II</u>, the court held that the statute of limitations for a constitutional challenge to the method of execution, brought under 42 U.S.C. § 1983, begins to run upon the conclusion of direct review in the state court or the expiration of time for seeking such review, or when the particular method of execution is adopted by the state. Applying that holding to the petitioner in <u>Cooey II</u>, the court held that the statute of limitations

began to run in 2001 when Ohio adopted lethal injunction as the exclusive method of execution, or in 1991 when the Supreme Court denied direct review of petitioner's claims. 479 F.3d at 422. Under either date, the court explained, petitioner's Section 1983 claims were barred by the two-year Ohio statute of limitations as they were not filed until December 8, 2004. Id.

In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action. Tenn. Code Ann. § 28-3-104(a)(3); Cox v. Shelby State Community College, 48 Fed. Appx. 500, 506-07, 2002 WL 31119695 (6th Cir. Sept. 24, 2002).

On November 7, 1988, the Tennessee Supreme Court affirmed Plaintiff's convictions on first degree murder during the perpetration of a felony and two counts of aggravated rape, as well as his death sentence. State v. Irick, 762 S.W.2d 121 (1988). The United States Supreme Court denied direct review of the Plaintiff's claims on March 6, 1989. Irick v. Tennessee, 489 U.S. 1072, 109 S.Ct. 1357, 103 L.Ed.2d 825 (1989).

Tennessee adopted lethal injection as its presumptive method of execution on March 30, 2000. Tenn. Code Ann. § 40-23-114; 2000 Tenn. Pub. Acts 614.

Applying the analysis in Cooey II to this case, the statute of limitations began to run either in 1989 when Plaintiff's direct review process was final, or in 2000 when lethal injection became the presumptive method of execution. Plaintiff brought the current action on October 25, 2010 (Docket No. 1), more than one year later than either of these dates. Accordingly, the statute of limitations bars review of Plaintiff's Section 1983 claims.[1]

---

[1] Even if the Court assumes that the statute of limitations began to run when Tennessee revised its lethal injection protocol on April 30, 2007 see Harbison v. Little, 511 F.Supp.2d 872 (M.D. Tenn. 2007), rev'd 571 F.3d 531 (6th Cir. 2009), the Plaintiff's Complaint is still time-

Plaintiff argues that the United States Supreme Court's decision in Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) undermines the Sixth Circuit's analysis in Cooey II as to when the statute of limitations period accrues. According to the Plaintiff, Baze requires that a plaintiff challenging a method of execution on Eighth Amendment grounds must show: (1) that the State's adoption of an execution protocol inflicts unnecessary pain and suffering; and (2) that the State had actual or implicit knowledge that such pain and suffering will result from carrying out its protocol and the State decided to go forward nonetheless. The Plaintiff argues that Cooey II does not consider the second condition, and therefore, it does not apply here.

Plaintiff's argument that Baze affected the viability of the analysis in Cooey II is undermined by the Sixth Circuit's continued application of Cooey II after the Baze decision was issued. See Wilson v. Rees, 2010 WL 3450078 (6th Cir. Sept. 3, 2010); Getsy v. Strickland, 577 F.3d 309 (6th Cir. 2009); Cooey II v. Strickland, 544 F.3d 588 (6th Cir. 2008). In Getsy, the court specifically addressed the issue of whether Baze changed the statute of limitations analysis of Cooey II:

> This raises the question of whether Baze's freshly clarified standards trigger a new accrual date. We do not believe that they do. As previously noted, '[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that *should have alerted the typical lay person* to protect his or her rights.' Trzebuckowski [v. City of Cleveland], 319 F.3d at 856 (emphasis added). Cooey II held, rightly or wrongly, that the relevant event is the later of either (1) the 'conclusion of direct review in the state court or the expiration of time for seeking such review,' or (2) the year 2001, when Ohio adopted lethal injection as the sole method of execution. Cooey II, 479 F.3d at 422. Nothing in Baze gives us cause to question Cooey II's determination of when the statute of limitations clock

---

barred as having been filed over a year later.

begins to tick.

577 F.3d at 312. The reasoning of <u>Getsy</u> is an effective rejection of Plaintiff's argument that <u>Baze</u> requires the court to consider what State officials knew or had reason to know as part of the statute of limitations analysis.

The Plaintiff also argues that new evidence obtained after recent executions should be factored into the setting of the accrual date. In a recent opinion issued in another case, however, the Sixth Circuit has rejected such an analysis. <u>See</u> <u>West v. Ray, et al.</u>, Case No. 3:10-0778 (Opinion issued Nov. 4, 2010 (Docket No. 37, at 8 n. 1)("This approach looks to the strength of the evidence in support of a claim, and not when direct review concluded or the method was established – thereby forming the claim – which was this court's holding in <u>Cooey II.</u>"). Thus, this argument is without merit.

Because Plaintiff's Section 1983 claims are barred by the statute of limitations, the Court declines to address the other grounds for dismissal of those claims raised by the Defendants.

B. <u>Equal Protection and Due Process Claims</u>

Plaintiff contends that the procedure by which the state set his execution date fails to comply with Tennessee Supreme Court Rule 12.4(A), and that such failure results in a violation of his rights to equal protection and/or due process under the United States Constitution. Rule 12. 4(A) provides in pertinent part:

> After a death-row prisoner has pursued at least one unsuccessful challenge to the prisoner's conviction and sentence through direct appeal, state post-conviction, and federal habeas corpus proceedings, the State Attorney General shall file a motion requesting that this Court set an execution date. . .

Plaintiff contends that his execution date was set before resolution of a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure that he had filed in his habeas corpus

5

proceeding in the Eastern District of Tennessee.[2] This failure to comply with the Court's Rule, according to the Plaintiff, violates his substantive and procedural due process rights to a fair, sequential and orderly review of his conviction and death sentence. Plaintiff also argues that this conduct denies him the same review procedures as other similarly-situated death row inmates in violation of his equal protection rights.

Plaintiff's federal habeas corpus proceedings presumably ended when the United States Supreme Court denied Plaintiff's petition for writ of certiorari in the habeas corpus case on February 22, 2010, and denied his petition for rehearing on April 19, 2010. Irick v. Bell, 130 S.Ct. 1504 (2010); Irick v. Bell, 130 S.Ct. 2142 (2010). Thereafter, by order entered July 19, 2010, the Tennessee Supreme Court set the Plaintiff's execution date for December 7, 2010. See State v. Irick, 320 S.W.3d 284, 299 (Tenn. Sup. Ct. 2010). The next day, however, on July 20, 2010, the Sixth Circuit Court of Appeals entered an order remanding to the district court a Rule 60(b) motion the Plaintiff had filed in the habeas corpus case in 2001.[3] Plaintiff contends that the setting of his execution date prior to the final resolution of the Rule 60 proceedings violates Tennessee Supreme Court Rule 12.4(A).

Assuming that the Plaintiff's interpretation of Rule 12.4(A) is correct, and that the Supreme Court violated its own rule in setting the execution date, the Court is not persuaded that

---

[2] Rule 60(b) provides that a court may, upon motion, relieve a party from a final judgment on certain grounds, such as newly discovered evidence. Rule 60(c)(2) provides that the motion "does not affect the judgment's finality or suspend its operation."

[3] On October 21, 2010, the Eastern District Court considered and dismissed the remaining habeas corpus claims raised in the Rule 60(b) motion. Irick v. Bell, 2010 WL 4238768 (E.D. Tenn. Oct. 21, 2010). Plaintiff indicates that he has appealed that decision to the Sixth Circuit.

such an action rises to the level of a due process or equal protection violation. To establish a procedural due process violation, Plaintiff must show that (1) he had a property or liberty interest that was interfered with by the state; and (2) that the state failed to use constitutionally sufficient procedures in depriving Plaintiff of that right. Kentucky Dept. Of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989). To the extent the state court rule creates a liberty interest deserving of constitutional protection, Plaintiff has not shown a deprivation of due process. The opportunity for the Plaintiff to seek, and for the state and federal courts to grant, a stay of execution in order to consider viable claims provides the Plaintiff with a constitutionally sufficient level of substantive and procedural due process. Therefore, Plaintiff's Complaint does not sufficiently allege a colorable due process claim.

To establish an equal protection violation, the Plaintiff must show that the violation of the court rule: (1) burdened a fundamental right; (2) targeted a suspect class; or (3) intentionally treated one individual differently from others similarly situated without any rational basis. Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff has not identified a fundamental right that was burdened by the Tennessee Supreme Court's assumed violation of the rule, nor does he claim to be a member of a suspect class targeted by the violation. Furthermore, Plaintiff has not shown that he was treated differently from other similarly-situated individuals with regard to the assumed violation of the rule. Accordingly, Plaintiff's Complaint does not sufficiently allege a colorable equal protection violation.

C. Declaratory Judgment Claims

The Defendants argue that Plaintiff's request for a declaratory judgment that the lethal injection protocol violates the Federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq.

("CSA"), and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, et seq. ("FDCA"), should be dismissed because there is no private right of action under these statutes. Defendants primarily rely on the recent Sixth Circuit decision in Durr v. Strickland, 602 F.3d 788 (6th Cir. 2010), in which the court affirmed a district court's dismissal of similar claims because no private right of action exists under either act. Plaintiff candidly states in his Response that he has been unable to find legal authorities that would support a private right of action under these two federal statutes.

Based on the decision in Durr, the Court concludes that no private right of action exists under either the CSA or the FDCA, and therefore, any injury allegedly suffered by the Plaintiff cannot be redressed through a declaratory judgment action. See also Jones v. Hobbs, 2010 WL 2985502, at *6 (E.D. Ark. July 26, 2010). Accordingly, the Plaintiff's request for a declaratory judgment that the lethal injunction protocol violates the CSA and the FDCA is dismissed.

IV. Conclusion

For the reasons set forth herein, Defendant's motion to dismiss is granted, and this action is dismissed.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE